**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In Re:                                          Bankruptcy Case No.   02-65235

**NATIONAL CENTURY FINANCIAL**                  Adversary Number 04-2617
**ENTERPRISES, INC., et al.**
                                                Chapter 11

                                                Judge Donald E. Calhoun,   Jr.

---

Unencumbered Asset Trust, et al.               District Court Judge
          Plaintiff(s)
                                               District Court Case #
          -vs-
                                               Business
PERSEUS, LLC, et al.
          Defendant(s)

---

**TRANSMITTAL COVER SHEET**

TO: CLERK OF THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF OHIO.

    The following item checked is being transmitted to you for determination by the
Honorable Judges of the United States District Court.

\_\_\_\_    **Notice of Appeal**

\_\_\_\_    **Motion for Leave to Appeal**

  **X**    **Motion for Withdrawal of Reference**

\_\_\_\_\_    **Report and Recommendation on Motion to Abstain**

\_\_\_\_\_    **Findings of Fact and Conclusions of Law**

\_\_\_\_\_    **Other:**

**Dated: November 8, 2005**    **Transmitted By:** _____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### COLUMBUS, OHIO

| | | |
|---|---|---|
| **In Re:** | : | **Bankruptcy Case No. 02-65235** |
| | | **(Jointly Administered)** |
| **National Century Financial Enterprises** | : | |
| **Inc., et al.,** | | |
| | : | **Adversary Number 04-2617** |
| **Debtor.** | : | |

---------------------------------------------------------------------------------

| | | |
|---|---|---|
| **Unencumbered Asset Trust, et al.** | : | **Judge Donald E. Calhoun, Jr.** |
| **Plaintiff(s)** | : | **District Case Number** |
| **-vs-** | : | **Chapter 11** |
| **PERSEUS, LLC, et al.** | : | **Business** |
| **Defendant(s).** | : | |

## CLERK'S CERTIFICATION OF RECORD ON
## MOTION TO WITHDRAW REFERENCE

    I, <u>Drina Smith</u> , Deputy Clerk in the above-named court, do hereby certify that the documents attached hereto and enumerated below comprise the Record on Appeal in the above captioned case.

| | **Date** | **Description** | **Pleading Number** |
|---|---|---|---|
| 1. | | **Motion to Withdraw Reference** | **86** |
| 2. | | **Copy of Current Docket Card** | |

**Deputy Clerk**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Jointly Administered<br>Case No. 02-65235 |
| NATIONAL CENTURY FINANCIAL<br>ENTERPRISES, INC., et al., | (Chapter 11) |
| Debtors. | Judge Donald E. Calhoun, Jr. |
| | |
| UNENCUMBERED ASSET TRUST, et<br>al., | Relief Requested from a U.S. District<br>Judge |
| Plaintiffs, | |
| v. | Adv. Proc. No. 04-2617 |
| PERSEUS, LLC, et al. | |
| Defendants. | |

## MOTION OF DEFENDANTS PERSEUS, LLC, PAUL, WEISS, RIFKIND, WHARTON & GARRISION LLP, AND BAIN & COMPANY TO WITHDRAW THE REFERENCE

Defendants Perseus, LLC ("Perseus"), Paul, Weiss, Rifkind, Wharton & Garrison LLP

("Paul Weiss"), and Bain & Company ("Bain," together with Perseus and Paul Weiss, the

"Movants") move the United States District Court for the Southern District of Ohio (the "District

Court") pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to

withdraw the reference of the above-captioned adversary proceeding ("Adversary Proceeding") for

cause. As set forth more fully in the accompanying Memorandum of Law, three of the four

Defendants, including each of the Movants, have demanded a jury trial, and they have the right to a

jury trial. Under Sixth Circuit law, the Bankruptcy Court cannot conduct a jury trial. Even if that

were not the case, under 28 U.S.C. §157(e), a bankruptcy judge cannot conduct a jury trial unless all

parties consent. Here, none of the Defendants has consented. Accordingly, cause exists under 28

U.S.C. § 157(d) for withdrawal of the reference and the Motion should be granted.

DATED: November 7, 2005

Respectfully submitted,

/s/ Tiffany Strelow Cobb
Tiffany Strelow Cobb
VORYS, SATER, SEYMOUR AND PEASE LLP
52 E. Gay Street
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-4962

Michael L. Bernstein
Charles A. Malloy
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Counsel for Defendant Perseus, LLC*

-and-

/s/ Amanda J. Metts
Amanda J. Metts
MCDERMOTT WILL & EMERY LLP
227 West Monroe
Chicago, IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Defendant Bain & Co.*

-and-

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg
Elizabeth R. McColm
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for Defendant Paul, Weiss, Rifkind, Wharton &
Garrison LLP*

2

# MEMORANDUM OF LAW

## I.    BACKGROUND

Debtor National Century Financial Enterprises, Inc. ("NCFE") and certain of its affiliates commenced Chapter 11 bankruptcy cases by filing petitions on November 18, 2002 (the "Petition Date"). On or about November 17, 2004, Plaintiffs filed the Complaint in the Adversary Proceeding alleging, among other things, that certain transfers made to the Defendants in the amount of $449,711.54 (the "Transfer") are avoidable and recoverable as preferences or fraudulent transfers under Sections 544, 547, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code") or under the theory of unjust enrichment. Perseus filed its Answer and Affirmative Defenses on August 12, 2005 (the "Answer"). On the same date, Bain, PricewaterhouseCoopers, LLP and Paul Weiss filed their Non-Creditor Defendants' Motion to Dismiss the Complaint (the "Motion to Dismiss"). No decision has yet been entered on the Motion to Dismiss.

Three of the four Defendants – Perseus, Bain, and Paul Weiss – have filed a jury demand. None of the Defendants have consented to a jury trial in the Bankruptcy Court.[1] A scheduling conference is set for November 9, 2005.

## II.    THE ADVERSARY PROCEEDING

Plaintiffs filed the Complaint seeking a money judgment in their favor in the amount of $449,711.54, plus interest and costs. The Complaint contains four counts:

(1) Plaintiffs allege that the Transfer is avoidable as a preference under Section 547 of the Bankruptcy Code;

---

[1] In fact, in their Preliminary Pretrial Statements, each of the Defendants declined to consent to a jury trial in the Bankruptcy Court.

(2) Plaintiffs also allege that the Transfer constitutes a fraudulent transfer pursuant to Sections 544 and 548 of the Bankruptcy Code and the Ohio Uniform Fraudulent Transfer Act (Ohio Rev. Code Ann. §§ 1336.01-1336.11);

(3) To the extent that the Transfer is avoidable as a preference or a fraudulent transfer under Count One or Count Two, Plaintiffs assert a separate count for recovery of the Transfer pursuant to Section 550 of the Bankruptcy Code; and

(4) Plaintiffs allege that the Defendants are liable for the amount of the Transfer under the theory of unjust enrichment, and seek entry of a money judgment.

## III.  BASIS FOR WITHDRAWAL OF THE REFERENCE

Pursuant to 28 U.S.C. § 157(a), this Court, like other district courts throughout the United States, has referred cases under Title 11 and proceedings arising under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Court. See In re Bankruptcy Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984, General Order No. 05-02 (S.D. Ohio Oct. 24, 2005).  However, 28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

Cause exists to withdraw the reference of this Adversary Proceeding because the Movants have demanded a jury trial.  The jury trial cannot take place in the Bankruptcy Court because of applicable case law in this circuit and because – even aside from that law -- a bankruptcy court cannot conduct a jury trial without the consent of all parties, and here the Defendants have not consented.  Thus, the trial must be conducted by the District Court.  Accordingly, cause exists to withdraw the case to the District Court now, to avoid the need for involving two courts in the case, with the resulting inefficiency and duplication of effort.

4

## A.    <u>All Counts of the Complaint are Triable by a Jury</u>.

The Complaint contains counts alleging preferential transfer, fraudulent transfer, recovery of property, and unjust enrichment. Each Count is triable to a jury. The Seventh Amendment to the Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The Seventh Amendment's reference to "[s]uits at common law" has been interpreted to mean "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Parsons v. Bedford, 28 U.S. (3 Pet.) 433 (1830). The Seventh Amendment right to a jury trial applies where a demand is made for money damages. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 47-48 (1989); Pernell v. Southall Realty, 416 U.S. 363, 370 (1974) ("Where an action is simply for recovery . . . of a money judgment, the action is one at law."); see also Reliability Research Inc. v. Computer Assocs. Int'l, Inc., 851 F.Supp. 58, 60 (E.D.N.Y. 1993) (action for money damages a classic action at law). All of the counts alleged in the Complaint seek money damages, and the Movants are therefore entitled to a jury trial.

With respect to Count One and Count Two, the Supreme Court has held that preference actions and fraudulent transfer claims are actions at law (rather than equity) for which the defendant is entitled to a jury trial under the Seventh Amendment. See Granfinanciera, 492 U.S. at 48; Langenkamp v. Culp, 498 U.S. 42, 45 (1991); see also Roberds, Inc. v. Palliser Furniture, 291 B.R. 102, 105 (S.D. Ohio 2003); In re AVN Corp., 235 B.R. 417, 421-22 (Bankr. W.D. Tenn. 1999); Coated Sales, Inc. v. First E. Bank, N.A. (In re Coated Sales, Inc.), 119 B.R. 452, 457 n.6 (Bankr.

S.D.N.Y. 1990); Eisenberg v. Guardian Group, Inc. (In re Adams, Browning & Bates Ltd.), 70 B.R.
490, 494 (Bankr. E.D.N.Y. 1987).

Count Three, for recovery of property under Section 550 of the Bankruptcy Code, is
ancillary to Plaintiffs' actions at law for avoidance of a preference or fraudulent transfer, and also
seeks recovery of a money judgment. See Complaint at ¶ 36. Count Three is therefore subject to a
trial by jury.

Count Four, unjust enrichment, could be characterized as either an equitable or legal cause
of action depending on the nature of the relief sought. Here, the nature of the relief sought is a
money judgment. Accordingly, Count Four is a legal claim to which the right to a jury trial applies.
Jury trials have been conducted in many cases where unjust enrichment is alleged. See e.g., Shapiro
v. Kaufman, 855 F.2d 620, 620 (8th Cir. 1988); Clapp v. Mueller Elec. Co., 835 N.E.2d 757, 765
(Ohio Ct. App. 2005); RDR Computer Consulting Corp. v. Eurodirect, Inc., 2004 WL 1359049 at
*1 (Fla. App. 2 Dist. June 18, 2004); Citizens Nat'l Bank & Lender Asset Recovery, Inc. v. Allen
Rae Invs., Inc., 2004 WL 454083, at *21 (Tex. App. Ma. 11, 2004); First Nat'l of N. Am., LLC v.
Marks, 2004 WL 1114574, at *2, *7 n.7 (Tenn. Ct. App. Jan. 9, 2004).[2]

### B.    A Jury Trial Must be Held in the District Court.

Because the Movants demanded a jury trial and are entitled to a jury trial on all Counts of
the Complaint, the jury trial must be held in the District Court under the Sixth Circuit's decision in
Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Servs., Inc.), 954 F.2d 1169, 1173 (6th

---

[2] Even if Count Four were deemed to be an equitable claim, the Movants are nevertheless entitled to a jury
trial on all issues common to Count Four and the remaining Counts. See In re Krigel's, Inc., 263 B.R. 280,
290 Bankr. W.D. Mo. 2001) (When legal and equitable claims are joined in the same action, there is right to
jury trial on the legal claims, including all issues common to both legal and equitable claims); In re RDM
Sports Group, 260 B.R. 915, 919-20 (Bankr. N.D. Ga. 2001) (same). Because Count Four deals with the
same facts as the other counts, it is triable to a jury.

Cir. 1992).  In <u>Baker & Getty</u>, the Sixth Circuit elected to follow the Eighth and Tenth Circuits in

holding that bankruptcy courts may not conduct jury trials.  <u>Id.</u>

      Even if <u>Baker & Getty</u> were not dispositive, the Bankruptcy Court could not conduct a jury

trial with respect to the Adversary Proceeding because the Movants have not consented to a jury

trial in the Bankruptcy Court.  Such consent is required by 28 U.S.C. § 157(e), which provides that

"If the right to a jury trial applies in a proceeding that may be heard under this section by a

bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to

exercise such jurisdiction **and** with the express consent of all the parties."  (Emphasis added).  Here,

apart from controlling precedent, the Bankruptcy Court could not conduct a jury trial of the

Adversary Proceeding because all parties have not consented to a jury trial in the Bankruptcy Court.

Where—as here—all parties do not consent to a jury trial before the bankruptcy court, withdrawal

of the reference is required under 28 U.S.C. § 157(d).  <u>See</u> <u>M C Contractors</u> v. <u>Fink</u> (<u>In re Fink</u>),

294 B.R. 657, 658 59 (Bankr. W.D.N.C. 2003) ("[R]efusal of all the parties to consent to a jury trial

in bankruptcy court may constitute 'cause' for withdrawal."); <u>In re Metro. Plant & Flower, Inc.</u>,

1997 WL 638454, at * 4 (N.D. Ill. Sept. 30, 1997) ("Because the bankruptcy court cannot conduct a

jury trial [where all parties did not consent under 28 U.S.C. § 157(e)], 'cause' to withdraw the

reference automatically exists . . . where the party seeking the withdrawal is entitled to a jury trial

under the Seventh Amendment.").[3]

### C.    <u>Because the Bankruptcy Court Cannot Conduct a Jury Trial, Prompt Withdrawal of the Reference is Appropriate.</u>

      Because the jury trial right exists, the reference for this Adversary Proceeding will have to

be withdrawn for trial.  That leaves two possibilities – withdraw the case to the District Court now

---

[3] In addition to the fact that the Defendants declined to consent to a jury trial in the Bankruptcy Court, 28 U.S.C. § 157(e) is not satisfied because, to the best of the Movants' knowledge, the District Court has not specially designated the Bankruptcy Court to conduct a jury trial.

or leave the case in the Bankruptcy Court for pre-trial proceedings and then transfer the case to the District Court for trial. Under the circumstances of this case, the former approach would be more efficient.

The Adversary Proceeding is still in the very early stages of litigation; so, the Bankruptcy Court has spent little or no time dealing with the Adversary Proceeding. There have been no court hearings. The parties filed preliminary pretrial statements on September 22, 2005 and the Bankruptcy Court set an initial scheduling conference for November 9, 2005. Discovery has not commenced, and the one motion that has been filed – the Motion to Dismiss – has not been heard or decided.

Given the very early stage of this litigation, judicial economy suggests the case should be withdrawn now, before the Bankruptcy Court invests significant time and effort in a case that would have to be transferred for trial in any event. Many courts have held that such efficiency concerns counsel in favor of withdrawing the reference. See Mishkin v. Ageloff, 220 B.R. 784, 800 (S.D.N.Y. 1998) (withdrawing reference to bankruptcy court based primarily on concerns of judicial efficiency); In re Tastee Donuts, Inc., 137 B.R. 204, 207 (E.D. La. 1992) ("Even if this adversary proceeding involves core matters . . . the Court finds that the interests of judicial efficiency require that the reference be withdrawn for the entire adversary proceeding."); Chrysler Credit Corp. v. Fifth Third Bank of Columbus (In re Onyx Motor Car Corp.), 116 B.R. 89, 91 (S.D. Ohio 1990) (judicial economy, reducing confusion and economical use of the debtor's and creditor's resources are appropriate factors contributing to a determination of cause to withdraw the reference); Wedtech Corp. v. London (In re Wedtech Corp.), 81 B.R. 237, 239 (S.D.N.Y. 1987) (interests in judicial efficiency justified withdrawal of reference of core proceeding).

Courts have held that where a jury trial right applies, so that the case would have to be tried in the district court, the proceeding should be withdrawn to the district court early on, rather than be

8

bifurcated for the pretrial and trial stages. See Taxel v. Elec. Sports Research (In re Cinematronics, Inc.), 916 F.2d 1444, 1451 (9th Cir. 1990) ("[W]here a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate."); NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 913 (D. Del. 1996) (judicial economy favors withdrawal of the reference where a jury demand has been made); Oakview Terrace v. Owens Fin. Group, Inc. (In re Oakview Terrace), 1994 WL 28031, at *2 (N.D. Cal. 1994) ("To have this matter in bankruptcy court for pretrial purposes would result in unnecessary duplication and a waste of judicial resources [where district court would ultimately be required to conduct jury trial]."); Gumport v. Growth Fin. Corp. (In re Transcon Lines), 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").[4]

## IV.     CONCLUSION

The Movants have demanded that the Adversary Proceeding be tried by a jury, and all four Counts of the Complaint are subject to that jury demand. Therefore, the Bankruptcy Court cannot conduct the jury trial. In light of these factors, and the fact that the Adversary Proceeding is still in the very preliminary stages of litigation, cause exists to withdraw the reference and to do so now.

Accordingly, the Movants respectfully request that the Court grant the Motion and withdraw the reference to the Bankruptcy Court.

---

[4] In some cases, where the Bankruptcy Court has already invested significant time and effort learning the facts of an adversary proceeding, the case may be left before the Bankruptcy Court for remaining pretrial proceedings, with the reference withdrawn only for trial. See, e.g., In re Ames Dep't Stores, Inc., 190 B.R. 157, 164 (S.D.N.Y. 1995). Here, however, the Movants are requesting withdrawal of the reference at the early stages of the Adversary Proceeding, before the Bankruptcy Court has invested significant time in it.

DATED: November 7, 2005

Respectfully submitted,

VORYS SATER SEYMOUR AND PEASE LLP

/s/ Tiffany Strelow Cobb
Tiffany Strelow Cobb
52 E. Gay Street
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-4962

-and-

Michael L. Bernstein
Charles A. Malloy
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington D.C. 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Counsel for Defendant Perseus, LLC*

-and-

/s/ Amanda J. Metts
Amanda J. Metts
MCDERMOTT WILL & EMERY LLP
227 West Monroe
Chicago, IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Counsel for Defendant Bain & Co.*

-and-

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg
Elizabeth R. McColm
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for Defendant Paul, Weiss, Rifkind, Wharton &
Garrison LLP*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the preceding Motion was electronically

filed through the Court's ECF system and served this 7th day of November, 2005, by first class U.S.

Mail, postage prepaid or via the Court's ECF system, upon the following:

William R. Maguire
Sarah Loomis Cave
Hughes Hubbard & Reed LP
One Battery Park Plaza
New York, NY 10004-1482

Dan L. Cvetanovich
Tiffany C. Miller
Bailey Cavalieri LLC
One Columbus
10 West Broad Street
Columbus, Ohio 43215-3422

Andrew N. Rosenberg
Elizabeth McColm
Paul Weiss Rifkind Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Amanda J. Metts
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109

Leon Friedberg
Stephanie D. Champ
Carlile Patchen & Murphy LLP
366 East Broad Street
Columbus, Ohio 43215

/s/ Tiffany Strelow Cobb
Tiffany Strelow Cobb (0067516)

# U.S. Bankruptcy Court
## Southern District of Ohio (Columbus)
## Adversary Proceeding #: 2:04-ap-02617
### Internal Use Only

*Assigned to:* Donald E. Calhoun Jr.
*Related BK Case:* 02-65235
*Related BK Title:* National Century Financial Enterprises     *Date Filed:* 11/17/04
*Demand:* $450000
*Nature of Suit:* 454

## Plaintiff
----------------------

**Unencumbered Assets Trust**                    represented by    **Leon Friedberg**
Edwin I. Katz, Ltd., Trustee                                        Carlile Patchen & Murphy LLP
2839 West Morse Avenue                                             366 E Broad Street
Chicago, IL 60645-2929                                             Columbus, OH 43215
                                                                   (614) 228-6135
                                                                   Fax : (614)221-0216
                                                                   Email: lxf@cpmlaw.com

                                                                   **Stephanie D Champ**
                                                                   Carlile Patchen & Murphy LLP
                                                                   366 East Broad Street
                                                                   Columbus, OH 43215
                                                                   614-228-6135
                                                                   Fax : 614-221-0216
                                                                   Email: sdc@cpmlaw.com
                                                                   *LEAD ATTORNEY*

V.

## Defendant
----------------------

**Perseus, LLC**                                 represented by    **Tiffany Strelow Cobb**
2099 Pennsylvania NW 9th FL                                        52 East Gay Street
Washington, DC 20006                                               PO Box 1008
                                                                   Columbus, OH 43215
                                                                   (614) 464-8322
                                                                   Fax : (614) 719-4663
                                                                   Email: tscobb@vssp.com

**Bain & Company, Inc.**
Two Copley Place
Boston, MA 02116

**PricewaterhouseCoopers LLP**
1177 Avenue of the Americas
New York, NY 10036

represented by **Tiffany C. Miller**
10 W. Broad St
#2100
Columbus, OH 43215
(614) 229-3211
Fax : (614) 221-0479
Email:
tiffany.miller@baileycavalieri.com

**Paul Weiss Rifkind Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064

represented by **Andrew N Rosenberg**
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
*LEAD ATTORNEY*

**Tiffany Strelow Cobb**
(See above for address)
*TERMINATED: 06/09/2005*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/17/2004 | ●1 | 454 (Recover Money/Property): Complaint by Unencumbered Assets Trust against Perseus, LLC, Bain & Company, Inc., PricewaterhouseCoopers LLP, Paul Weiss Rifkind Wharton & Garrison LLP. Fee Amount $150 (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●2 | Submission of Summons for Court Issuance Re: Defendant(s) Perseus, LLC. (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●3 | Submission of Summons for Court Issuance Re: Defendant(s) Perseus, LLC (Statutory Agent). (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●4 | Submission of Summons for Court Issuance Re: Defendant(s) Bain & Company, Inc.. (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●5 | Submission of Summons for Court Issuance Re: Defendant(s) Bain & Company, Inc. (Statutory Agent). (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●6 | Submission of Summons for Court Issuance Re: Defendant(s) Pricewaterhousecoopers, LLP. (Friedberg, Leon) (Entered: 11/17/2004) |

| 11/17/2004 | ●7 | Submission of Summons for Court Issuance Re: Defendant(s) Pricewaterhousecoopers, LLP (Statutory Agent). (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●8 | Submission of Summons for Court Issuance Re: Defendant(s) Paul Weiss Rifkind Wharton & Garrison LLP. (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | ●9 | Submission of Summons for Court Issuance Re: Defendant(s) Paul Weiss Rifkind Wharton & Garrison LLP (Statutory Agent). (Friedberg, Leon) (Entered: 11/17/2004) |
| 11/17/2004 | | Receipt of Complaint(2:04-ap-02617) [cmp,cmp] ( 150.00) Filing Fee. Receipt Number 2849407,amount$ 150.00. (U.S. Treasury) (Entered: 11/17/2004) |
| 11/18/2004 | ● | To: LEON FRIEDBERG - Memorandum of Apparent Filing/Docketing Deficiency: No address entered or listed on complaint for Defendants Perseus LLC, Bain & Company Inc. PricewaterhouseCoopers LLP, & Paul Weiss Rifkind Wharton & Garrison LLP. Please file an Amended Complaint. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)1) (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●10 | Summons Issued on Perseus, LLC Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●11 | Summons Issued on Perseus, LLC Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●12 | Summons Issued on Bain & Company, Inc. Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●13 | Summons Issued on Bain & Company, Inc. Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●14 | Summons Issued on PricewaterhouseCoopers LLP Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●15 | Summons Issued on PricewaterhouseCoopers LLP Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/18/2004 | ●16 | Summons Issued on Paul Weiss Rifkind Wharton & Garrison LLP Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: |

| | | |
|---|---|---|
| | | 11/18/2004) |
| 11/18/2004 | **17** | Summons Issued on Paul Weiss Rifkind Wharton & Garrison LLP Date Issued 11/18/2004, Answer Due 12/20/2004 (2lg, ) (Entered: 11/18/2004) |
| 11/19/2004 | **18** | Notice *of Addresses of Defendants Perseus, LLC, Bain & Company, Inc., Pricewaterhousecoopers, LLP, and Paul Weiss Rifkind Wharton & Garrison, LLP Pursuant to Memorandum of Apparent Filing/Docketing Deficiency* Filed by Plaintiff Unencumbered Assets Trust (RE: related document(s) To: LEON FRIEDBERG - Memorandum of Apparent Filing/Docketing Deficiency: No address entered or listed on complaint for Defendants Perseus LLC, Bain & Company Inc. PricewaterhouseCoopers LLP, & Paul Weiss Rifkind Wharton & Garrison LLP. Please file an Amended Complaint. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)1) (2lg, )). (Friedberg, Leon) (Entered: 11/19/2004) |
| 12/08/2004 | **19** | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP, Plaintiff Unencumbered Assets Trust. (Miller, Tiffany) (Entered: 12/08/2004) |
| 12/08/2004 | **20** | Certificate of Service *of Stipulation* Filed by Defendant PricewaterhouseCoopers LLP (RE: related document(s)19 Stipulation). (Miller, Tiffany) (Entered: 12/08/2004) |
| 12/09/2004 | **●** | To: T. Miller - Memorandum of Apparent Filing/Docketing Deficiency: The PDF Document does not Contain an Electronic Signature in Accordance with ECF Administrative Procedure 8(d). Please file an Amended Stipulation Which Contains An Electronic Signature. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (RE: related document(s)19 Stipulation filed by Defendant PricewaterhouseCoopers LLP, Plaintiff Unencumbered Assets Trust) (2kab, ) (Entered: 12/09/2004) |
| 12/09/2004 | **●** | To: T. Miller - Memorandum of Apparent Filing/Docketing Deficiency: All documents filed with the court require a heading including the case name, case number and judge assigned to case. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)20) (2kab, ) (Entered: 12/09/2004) |

| 12/09/2004 | ●21 | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint (Supplemental Stipulation) Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 12/09/2004) |
| 12/14/2004 | ●22 | Stipulation with Bain & Company, Inc. as to Extension of Time for Bain & Company, Inc. to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 12/14/2004) |
| 12/14/2004 | ●23 | Stipulation with Plaintiffs and Defendant Paul, Weiss, Rifkind, Wharton & Garrison LLP as to Extending Time For Defendant Paul, Weiss, Rifkind, Wharton & Garrison LLP To Answer, Move Or Otherwise Respond To Complaint to January 19, 2005 Filed by Plaintiff Unencumbered Assets Trust. (Friedberg, Leon) (Entered: 12/14/2004) |
| 12/16/2004 | ●24 | Summons Service Executed on Bain & Company, Inc. 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/16/2004 | ●25 | Summons Service Executed on Bain & Company, Inc. 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/16/2004 | ●26 | Summons Service Executed on Paul Weiss Rifkind Wharton & Garrison LLP 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/16/2004 | ●27 | Summons Service Executed on Perseus, LLC 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/16/2004 | ●28 | Summons Service Executed on Perseus, LLC 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/16/2004 | ●29 | Summons Service Executed on PricewaterhouseCoopers LLP 11/19/2004 (Champ, Stephanie) (Entered: 12/16/2004) |
| 12/20/2004 | ●30 | Summons Service Executed on Paul Weiss Rifkind Wharton & Garrison LLP 11/19/2004 (Champ, Stephanie) (Entered: 12/20/2004) |
| 01/05/2005 | ●31 | Notice *of Appearance and Request for Service of Papers* Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 01/05/2005) |
| 01/05/2005 | ●32 | Stipulation with Perseus, LLC and Unencumbered Assets Trust, Erwin I. Katz, Ltd., Trustee as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for |

|            |      |   |
|------------|------|---|
|            |      | Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 01/05/2005) |
| 01/06/2005 | ☻    | To: TIFFANY STRELOW COBB - Memorandum of Apparent Filing/Docketing Deficiency: For Future Reference, A Notice of Appearance and Request for Service Should Be Filed Using The Notice of Appearance and Request for Service Event From the Notice Menu. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)31) (2lg, ) (Entered: 01/06/2005) |
| 01/10/2005 | ☻33  | Notice *of Stipulation for Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers* Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 01/10/2005) |
| 01/11/2005 | ☻    | To: T. Cobb - Memorandum of Apparent Filing/Docketing Deficiency: The PDF Document does not Match Docket Text. Please File a Stipulation or Withdrawal of the Document. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)33) (2kab, ) (Entered: 01/11/2005) |
| 01/11/2005 | ☻34  | Stipulation with Unencumbered Assets Trust, Erwin I. Katz, Ltd. and Perseus, LLC as to an Extension of Time for Defendant, Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 01/11/2005) |
| 01/11/2005 | ☻35  | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 01/11/2005) |
| 01/11/2005 | ☻36  | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 01/11/2005) |
| 01/12/2005 |      | Bain & Company, Inc. Answer Deadline Reset for 2/18/2005; Perseus, LLC Answer Deadline Reset for 2/18/2005; PricewaterhouseCoopers LLP Answer Deadline Reset for 2/18/2005 (2lg, ) (Entered: 01/12/2005) |
| 01/13/2005 | ☻37  | Stipulation with Unencumbered Asset Trust, Erwin I. Katz, Ltd. and Paul, Weiss, Rifkind, Wharton & Garrison LLP as to Extension of Time for Defendant Paul, Weiss, Rifkind, Wharton & Garrison LLP |

| | | to Answer, Move or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Paul Weiss Rifkind Wharton & Garrison LLP. (Cobb, Tiffany) (Entered: 01/13/2005) |
|---|---|---|
| 01/13/2005 | ●38 | Notice *of Appearance and Request for Service of Papers* Filed by Defendant Paul Weiss Rifkind Wharton & Garrison LLP. (Cobb, Tiffany) (Entered: 01/13/2005) |
| 01/14/2005 | | Paul Weiss Rifkind Wharton & Garrison LLP Answer Deadline Reset for 2/18/2005 (2lg, ) (Entered: 01/14/2005) |
| 02/15/2005 | ●39 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 02/15/2005) |
| 02/15/2005 | ●40 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 02/15/2005) |
| 02/15/2005 | ●41 | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint -- stipulation Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 02/15/2005) |
| 02/16/2005 | | Bain & Company, Inc. Answer Deadline Reset for 3/21/2005; Paul Weiss Rifkind Wharton & Garrison LLP Answer Deadline Reset for 3/21/2005; PricewaterhouseCoopers LLP Answer Deadline Reset for 3/21/2005 (2lg, ) (Entered: 02/16/2005) |
| 02/18/2005 | ●42 | Stipulation with Unencumbered Assets Trust and Erwin I. Katz, Lt., Trustee and Perseus, LLC as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 02/18/2005) |
| 03/17/2005 | ●43 | Stipulation with Plaintiffs as to Extending Time for Defendant Pricewaterhouse Coopers LLP to Answer, Move, or Otherwise Respond to Complaint, Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 03/17/2005) |
| 03/18/2005 | ●44 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 03/18/2005) |

| 03/18/2005 | ●45 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 03/18/2005) |
| 03/18/2005 | | PricewaterhouseCoopers LLP Answer Deadline Reset for 4/20/2005 (2lg, ) (Entered: 03/18/2005) |
| 03/18/2005 | ●46 | Stipulation with Unencumbered Assets Trust and Erwin I. Katz, Lt., Trustee and Perseus, LLC as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 03/18/2005) |
| 04/18/2005 | ●47 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 04/18/2005) |
| 04/18/2005 | ●48 | Stipulation with Plaintiffs as to Extending Time to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 04/18/2005) |
| 04/18/2005 | ●49 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 04/18/2005) |
| 04/18/2005 | ●50 | Stipulation with Plaintiffs as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 04/18/2005) |
| 04/19/2005 | | Bain & Company, Inc. Answer Deadline Reset for 5/20/2005; Paul Weiss Rifkind Wharton & Garrison LLP Answer Deadline Reset for 5/20/2005; Perseus, LLC Answer Deadline Reset for 5/20/2005; PricewaterhouseCoopers LLP Answer Deadline Reset for 5/20/2005 (2lg, ) (Entered: 04/19/2005) |
| 05/18/2005 | ●51 | Stipulation with Plaintiffs as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 05/18/2005) |
| 05/19/2005 | ●52 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff |

|            |      |                                                                                                                                                                                                                                       |
|------------|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |      | Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 05/19/2005)                                                                                                                                                                    |
| 05/19/2005 | ●53  | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 05/19/2005)     |
| 05/20/2005 | ●54  | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 05/20/2005)                                                            |
| 05/24/2005 |      | Bain & Company, Inc. Answer Deadline Reset for 6/20/2005 (2lg, ) (Entered: 05/24/2005)                                                                                                                                                 |
| 06/09/2005 | ●55  | Notice of Substitution of Counsel terminating Tiffany Strelow Cobb, adding Andrew N Rosenberg for Paul Weiss Rifkind Wharton & Garrison LLP Filed by Defendants Paul Weiss Rifkind Wharton & Garrison LLP , (Entered: 06/09/2005)        |
| 06/09/2005 | ●56  | Notice of Substitution of Counsel terminating Tiffany Strelow Cobb, adding Andrew N Rosenberg and Tiffany Strelow Cobb for Paul Weiss Rifkind Wharton & Garrison LLP Filed by Defendants Paul Weiss Rifkind Wharton & Garrison LLP, Paul Weiss Rifkind Wharton & Garrison LLP. (Cobb, Tiffany) (Entered: 06/09/2005) |
| 06/17/2005 |      | Attorney Tiffany Strelow Cobb for Perseus, LLC added to case (2ps, ) (Entered: 06/17/2005)                                                                                                                                             |
| 06/20/2005 | ●57  | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 06/20/2005)     |
| 06/20/2005 |      | PricewaterhouseCoopers LLP Answer Deadline Reset for 7/6/2005 (2lg, ) (Entered: 06/20/2005)                                                                                                                                            |
| 06/21/2005 | ●58  | Stipulation with Plaintiffs and Defendant Perseus, LLC as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 06/21/2005) |
| 06/22/2005 |      | Perseus, LLC Answer Deadline Reset for 7/6/2005 (2lg, ) (Entered: 06/22/2005)                                                                                                                                                          |

| 06/29/2005 | ●59 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 06/29/2005) |
| 06/30/2005 | ●60 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 06/30/2005) |
| 06/30/2005 | ●61 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint (Corrected to correct Certificate of Service) Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 06/30/2005) |
| 07/01/2005 |  | Paul Weiss Rifkind Wharton & Garrison LLP Answer Deadline Reset for 7/6/2005 (2lg, ) (Entered: 07/01/2005) |
| 07/01/2005 |  | Bain & Company, Inc. Answer Deadline Reset for 7/6/2005 (2lg, ) (Entered: 07/01/2005) |
| 07/07/2005 | ●62 | Stipulation with Bain & Company, Inc. as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 07/07/2005) |
| 07/07/2005 | ●63 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 07/07/2005) |
| 07/07/2005 | ●64 | Stipulation with Plaintiffs as to Stipulation Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 07/07/2005) |
| 07/07/2005 | ●65 | Stipulation with Plaintiffs and Defendant Perseus, LLC as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 07/07/2005) |
| 07/07/2005 | ●66 | Stipulation with Paul Weiss Rifkind Wharton & Garrision as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 07/07/2005) |

| | | |
|---|---|---|
| 07/08/2005 | ● | To: S. Champ - Notification of Deficiency: The PDF Document does not Contain an Electronic Signature in Accordance with ECF Administrative Procedure 8(d). Please File an Amended stipulation Which Contains An Electronic Signature. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)63 Stipulation filed by Plaintiff Unencumbered Assets Trust) (2kab, ) (Entered: 07/08/2005) |
| 08/03/2005 | ●67 | Stipulation with Plaintiffs as to Extending Time for Defendant PricewaterhouseCoopers LLP to Answer, Move, or Otherwise Respond to Complaint Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 08/03/2005) |
| 08/05/2005 | ●68 | Stipulation with Plaintiffs and Defendant Perseus, LLC as to Extension of Time for Defendant Perseus, LLC to Move, Plead, or Otherwise Respond to Complaint for Avoidance and Recovery of Transfers Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 08/05/2005) |
| 08/09/2005 | | Perseus, LLC Answer Deadline Reset for 8/12/2005 (2lg, ) (Entered: 08/09/2005) |
| 08/09/2005 | ●69 | Stipulation with Paul Weiss Rifkind Wharton & Garrison as to Extension of Time to Respond to Complaint Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 08/09/2005) |
| 08/12/2005 | ●70 | Motion to Dismiss Adversary Proceeding Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, PricewaterhouseCoopers LLP (Miller, Tiffany) (Entered: 08/12/2005) |
| 08/12/2005 | ●71 | Answer to Complaint *Answer and Affirmative Defenses of Perseus, LLC* Filed by Perseus, LLC. (Cobb, Tiffany) (Entered: 08/12/2005) |
| 08/23/2005 | ●72 | Order Governing Pretrial and Trial Proceedings and Fixing Dates for Filing. Each Party Shall File a Preliminary Pretrial Statement No Later than 9/22/05 . (2kab, ) (Entered: 08/23/2005) |
| 08/25/2005 | ●73 | BNC Certificate of Mailing - PDF Document (RE: related documents(s)72 Order Governing Pretrial) Service Date 08/25/2005. (Admin.) (Entered: 08/26/2005) |
| 09/01/2005 | ●74 | Response to (related document(s): 70 Motion to Dismiss Adversary Proceeding filed by Defendant PricewaterhouseCoopers LLP, Defendant Bain & Company, Inc., Defendant Paul Weiss Rifkind |

11 of 14                                                     11/8/2005 3:21 PM

|            |        | Wharton & Garrison LLP) Filed by Defendant Perseus, LLC (Cobb, Tiffany) (Entered: 09/01/2005) |
|------------|--------|---|
| 09/15/2005 | ❶75 | Document *Jury Demand* Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 09/15/2005) |
| 09/15/2005 | ❶76 | Notice *of Stipulated Briefing Schedule for Non-Creditor Defendants' Motion to Dismiss* Filed by Defendant PricewaterhouseCoopers LLP (RE: related document(s)70 Motion to Dismiss Adversary Proceeding Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, PricewaterhouseCoopers LLP (Miller, Tiffany) filed by Defendant PricewaterhouseCoopers LLP, Defendant Bain & Company, Inc., Defendant Paul Weiss Rifkind Wharton & Garrison LLP). (Miller, Tiffany) (Entered: 09/15/2005) |
| 09/22/2005 | ❶77 | Notice *of Appearance* Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 09/22/2005) |
| 09/22/2005 | ❶78 | Pre-Trial Statement Filed by Defendant Perseus, LLC. (Cobb, Tiffany) (Entered: 09/22/2005) |
| 09/22/2005 | ❶79 | Pre-Trial Statement *Preliminary* Filed by Plaintiff Unencumbered Assets Trust. (Champ, Stephanie) (Entered: 09/22/2005) |
| 09/23/2005 | ❶80 | Pre-Trial Statement *of Non-Creditor Defendants* Filed by Defendant PricewaterhouseCoopers LLP. (Miller, Tiffany) (Entered: 09/23/2005) |
| 09/23/2005 | ❶ | To: TIFFANY COBB - Notification of Deficiency: For Future Reference, A Notice of Appearance Should Be Filed Using The Notice of Appearance and Request for Notices Event From the Notices Menu. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)77 Notice filed by Defendant PricewaterhouseCoopers LLP) (2lg, ) CORRECTIVE ENTRY: Please disregard this deficiency; it was issued on the wrong attorney. Modified on 9/26/2005 (2kab, ). (Entered: 09/23/2005) |
| 09/26/2005 | ❶ | CORRECTIVE ENTRY: Please disregard this deficiency; it was issued on the wrong attorney. (RE: related document(s) Notification of Deficiency, , ) (2kab, ) (Entered: 09/26/2005) |
| 09/26/2005 | ❶ | To: Tiffany C. Miller - Notification of Deficiency: For Future Reference, A notice of appearance Should Be Filed Using The notice of appearance Event From the notices Menu. PLEASE DO NOT |

| | | REPLY TO THIS EMAIL. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLERK'S OFFICE (related document(s)77 Notice filed by Defendant PricewaterhouseCoopers LLP) (2kab, ) (Entered: 09/26/2005) |
|---|---|---|
| 09/27/2005 | ◑81 | Notice of pretrial conference. Pre-Trial set for 11/9/2005 at 09:30 AM in Judge Calhoun's Chambers. (2kab, ) (Entered: 09/28/2005) |
| 09/30/2005 | ◑82 | BNC Certificate of Mailing - PDF Document (RE: related documents(s)81 Pretrial Order) Service Date 09/30/2005. (Admin.) (Entered: 10/01/2005) |
| 10/04/2005 | ◑83 | Objection to (related document(s): 70 Motion to Dismiss Adversary Proceeding filed by Defendant PricewaterhouseCoopers LLP, Defendant Bain & Company, Inc., Defendant Paul Weiss Rifkind Wharton & Garrison LLP) Filed by Plaintiff Unencumbered Assets Trust (Champ, Stephanie) (Entered: 10/04/2005) |
| 10/14/2005 | ◑84 | Notice *of Stipulated Extension for Non-Creditor Defendants to File Reply Brief in Support of Motion to Dismiss* Filed by Defendant PricewaterhouseCoopers LLP (RE: related document(s)76 Notice *of Stipulated Briefing Schedule for Non-Creditor Defendants' Motion to Dismiss* Filed by Defendant PricewaterhouseCoopers LLP (RE: related document(s)70 Motion to Dismiss Adversary Proceeding Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, PricewaterhouseCoopers LLP (Miller, Tiffany) filed by Defendant PricewaterhouseCoopers LLP, Defendant Bain & Company, Inc., Defendant Paul Weiss Rifkind Wharton & Garrison LLP). (Miller, Tiffany) filed by Defendant PricewaterhouseCoopers LLP). (Miller, Tiffany) (Entered: 10/14/2005) |
| 10/24/2005 | ◑85 | Brief *(Reply Memorandum of Law) in Further Suport of Non-Creditor Defendants' Motion to Dismiss* Filed by Defendant PricewaterhouseCoopers LLP (RE: related document(s)83 Objection, ). (Attachments: # 1 Exhibit Unreported Caselaw) (Miller, Tiffany) (Entered: 10/24/2005) |
| 11/07/2005 | ◑86 | Motion for Withdrawal of Reference *Motion of Defendants Perseus, LLC, Paul, Weiss, Rifkind, Wharton, & Garrison LLP, and Bain & Company to Withdraw the Reference* Fee Amount $150 Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, Perseus, LLC (Cobb, Tiffany) (Entered: 11/07/2005) |
| 11/07/2005 | | Receipt of Motion for Withdrawal of Reference(2:04-ap-02617) [motion,mwdref] ( 150.00) Filing Fee. Receipt Number 5140771,amount$ 150.00. (U.S. Treasury) (Entered: 11/07/2005) |

| 11/07/2005 | ●87 | Notice *of Motion* Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, Perseus, LLC (RE: related document(s)86 Motion for Withdrawal of Reference *Motion of Defendants Perseus, LLC, Paul, Weiss, Rifkind, Wharton, & Garrison LLP, and Bain & Company to Withdraw the Reference* Fee Amount $150 Filed by Defendants Bain & Company, Inc., Paul Weiss Rifkind Wharton & Garrison LLP, Perseus, LLC (Cobb, Tiffany) filed by Defendant Perseus, LLC, Defendant Bain & Company, Inc., Defendant Paul Weiss Rifkind Wharton & Garrison LLP). (Cobb, Tiffany) (Entered: 11/07/2005) |