```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

```
In re: National Century         :   Case No. 2:05-cv-1021
Financial Enterprises,
Inc., et al.,                   :   JUDGE GRAHAM

         Debtors                :   Chapter 11
_____
                                    Judge Calhoun
Unencumbered Assets Trust,      :
et al.,                             Adv. Proc. No. 04-2617
         Plaintiff,             :

    v.                          :

Perseus, LLC, et al.,           :

         Defendants.            :
```

OPINION AND ORDER

This matter is before the Court on a motion filed by Defendants Perseus, LLC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Bain & Company to withdraw the reference to the bankruptcy court.  The motion concerns an adversary proceeding arising from the Chapter 11 bankruptcy liquidation of National Century Financial Enterprises, Inc.  The Unencumbered Assets Trust ("UAT") -- a creation of the liquidation plan -- brought the adversary proceeding against Perseus to avoid and recover an allegedly preferential transfer made by National Century to Perseus two months before National Century filed for bankruptcy.

For the reasons stated below, the motion to withdraw the reference is DENIED.

**I.   Background**

According to the complaint, Perseus is a Delaware company that attempted to negotiate a stock purchase agreement with National Century.  Although the transactions contemplated by the agreement never took place, Perseus requested reimbursement for expenses in connection with the anticipated agreement.  National Century transferred $449,711 to Perseus on September 25, 2002.  Perseus distributed a portion of the money to three firms -- Paul Weiss, Bain & Company, and PricewaterhouseCoopers LLP -- which ostensibly assisted Perseus in negotiating the agreement.  National Century filed for bankruptcy on November 18, 2002.

Two years later, on November 17, 2004, the UAT initiated an adversary proceeding to avoid and recover the transfer to Perseus. The complaint contains four counts: (1) avoidance of a preferential transfer under Section 547 of the Bankruptcy Code; (2) fraudulent transfer under Sections 544 and 548; (3) recovery under Section 550; and (4) unjust enrichment.

On August 12, 2005, Perseus filed an answer to the complaint and the remaining Defendants filed a motion to dismiss.  The motions to dismiss are currently ripe and pending before the bankruptcy court.

On September 15, 2005, Perseus, Paul Weiss, and Bain & Company filed a joint jury demand.  On November 7, 2005, these same parties filed the current motion to withdraw the reference.

**II.  Discussion**

Under 28 U.S.C. §157(d), "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for

cause shown." Though Congress did not define "cause," courts have identified a number of factors to consider when deciding whether cause exists for permissive withdrawal: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). See also In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991); In re Pruitt, 910 F.2d 1160, 1168 (3rd Cir. 1990); Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Holland v. LTV Steel Company, Inc., 288 B.R. 770, 774 (Bankr. N.D. Ohio 2002).

"A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Orion Pictures, 4 F.3d at 1101. Here, it is undisputed that the UAT's claims in the adversary proceeding are core. The UAT asserts claims under Sections 544, 547, 548, and 550 of the Bankruptcy Code to avoid and recover the $449,711 transfer to Perseus. See 28 U.S.C. §157(b)(2)(F) (defining "core proceedings" as including "proceedings to determine, avoid, or recover preferences"); In re Wolverine Radio Co., 930 F.2d 1132, 1144 (6th Cir. 1991) (describing core proceedings as those involving a cause of action created or determined by a statutory provision of the Bankruptcy Code).

That the adversary proceeding is a core preference action favors keeping the matter in the bankruptcy court. See In re Conseco Finance Corp., 324 B.R. 50, 54 (N.D. Ill. 2005) ("[T]he

fact that the Adversary Proceeding is a core proceeding cuts strongly against permissive withdrawal, at least at this juncture."). Some courts consider the core/non-core determination to be "the most important" factor in deciding a motion to withdraw the reference. In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996); see also In re U.S. Airways Group, Inc., 296 B.R. 673, 682 n.21 (E.D. Va. 2003); Valley Forge Plaza Associates v. Fireman's Fund Ins. Companies, 107 B.R. 514, 516 (E.D. Pa. 1989) ("The reference is much more likely to be withdrawn if the proceeding is characterized as non-core."). This is so because "bankruptcy courts can adjudicate core matters to final binding judgment and [core matters] often involve facts with which the bankruptcy court is already familiar as well as legal issues within the bankruptcy court's expertise." Conseco, 324 B.R. at 54.

The bankruptcy court has efficiently handled all proceedings related to National Century's bankruptcy since November 2002. The bankruptcy court has become intimately familiar with the facts surrounding National Century's collapse and is well-able to handle the UAT's avoidance and recovery claims. See Orion, 4 F.3d at 1101 ("[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.").

Defendants' sole argument for why the reference should be withdrawn is that they have made a jury demand and the jury trial would have to be held in this Court. See In re Baker & Getty Financial Services, Inc., 954 F.2d 1169, 1173 (6th Cir. 1992) (holding that bankruptcy courts are not authorized to conduct jury

4

trials). Defendants argue that it would be inefficient for the bankruptcy court to handle the bulk of the case, only to have it withdrawn for trial.

The presence of a jury demand alone does not justify withdrawing the reference where, as here, the remainder of the factors strongly favor keeping the case in bankruptcy court. See In re Enron Corp., 317 B.R. 232, 234 (S.D.N.Y. 2004) ("[A] jury demand by itself does not constitute 'cause' for permissive withdrawal of the reference."); In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts."). In a case similar to the one here, the district court in In re Conseco Finance Corp. held that the presence of a jury demand was insufficient to justify withdrawing the reference of a core avoidance and recovery action. The court noted that the adversary proceeding was "in its preliminary stage" and that dispositive motions "might resolve the matter." Conseco, 324 B.R. at 56. The court concluded that "the interests of judicial economy and efficiency are served by keeping an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for jury trial." Id.

Defendants cite several cases in which courts granted motions to withdraw actions where a jury demand was made. But those cases involved non-core claims. See In re Cinematronics, Inc., 916 F.2d

1444 (9th Cir. 1990); In re NDEP Corp., 203 B.R. 905 (D. Del. 1996); In re Oakview Terrace, No. C-93-2446-MHP, 1994 WL 28031 (N.D. Cal. Jan. 25, 1994).

In conclusion, the Court finds that the judicial economy strongly favors denying the motion to withdraw.

**III. Conclusion**

For the reasons stated above, Defendants' motion to withdraw the reference (doc. 1) is DENIED.


                                        s/ James L. Graham
                                        JAMES L. GRAHAM
                                        United States District Judge

DATE: December 22, 2005